**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JOHN PHILLIP CATALFAMO, | ) | |
| | ) | |
| Plaintiff, | ) | 2:25-CV-1700 |
| | ) | |
| v. | ) | |
| | ) | |
| CONNECTEDLIFE DESIGNS; THE | ) | |
| STEREOSHOP, INC.; and JUSTIN | ) | |
| MAZON, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Pending before the Court is Defendants' partial motion to dismiss. Defendants essentially argue that Plaintiff has failed to plead "but-for" causation to support his Section 1981 race claims. *See Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 589 U.S. 327, 341 (2020) (requiring "a plaintiff [to] initially plead . . . that, but for race, it would not have suffered the loss of a legally protected right."). They argue that the complaint also pleads disability discrimination and nothing is pled in the alternative. So the question is: how could race be a "but-for" cause in this case when disability was an alleged cause too?

On careful review, the Court denies the motion, for two main reasons.

First, in Section 1981 cases where courts dismiss for failure to plead but-for causation, typically the allegations of racial discrimination are weak or disconnected from the termination decision. For example, these cases involve a few stray remarks (which wouldn't be actionable), or involve racial discrimination that is entirely disconnected from the termination.[1]  Not so here.

---

[1] *See, e.g.*, *Johnson v. Dunkin' Donuts Franchising L.L.C.*, No. CIV.A. 11-1117, 2012 WL 1828028, at *21–22 (W.D. Pa. May 18, 2012) (finding several negative remarks about a predominantly Black neighborhood weren't enough to show that defendant discriminated against its inhabitants because of their race; allegations were only a "legal conclusion" "insufficient to state a claim of race discrimination under § 1981.");

In contrast, Plaintiff pleads that, on a daily basis, his supervisor referred to Black individuals by the "n-word," called him "el blanco negro" (or, for short, "EBN"), admitted he "knew he was racist," referred to TV mounting hardware as "Obama ears" because "they're big and black," proclaimed that "Black people steal things," and denigrated Black actors. ECF 2 at ¶ 25. This all was directed to Plaintiff or in front of him. These are more than stray remarks, as pled.

While there aren't detailed allegations as to the precise timing of the comments relative to the termination, the allegations that are part of the retaliation claim are strong enough to support a causal link here and create an inference of pretext for all the claims—for example, Plaintiff alleges that Defendants threatened him if he filed a discrimination claim. *Id.* at ¶¶ 48–52. All of this together is sufficient to plead "but-for" causation under Comcast.

---

*Roberts v. GHS-Osteopathic Inc.-Parkview Hosp.*, No. CIV. A. 96-5197, 1997 WL 338868, at *7 (E.D. Pa. June 19, 1997) (finding that "[a]n employer's decision to terminate an employee, even if unwise, unfounded or unfair, is not actionable unless the decision was motivated by invidious discrimination[,]" so offhand comment about the Spanish language wasn't sufficient to show motivation to discriminate against Mexican-Americans); *Lei Ke v. Drexel Univ.*, No. CIV.A. 11-6708, 2013 WL 1092661, at *9 (E.D. Pa. Mar. 14, 2013) (citing *Ade v. KidsPeace Corp.,* 401 F. App'x 697 (3d Cir.2010) in holding that "[q]uestions or comments about race or national origin unconnected to an adverse action are not evidence of racial or ethnic discrimination when the comments 'do not tend to show a discriminatory reason was more likely than not a motivating cause of his discharge.' This principle is especially true when the questions are not asked at or near the time of the adverse action."); *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021) (finding no but-for causation based on allegations of two "stray" discriminatory remarks because no "direct link" but a significant temporal gap between the remarks and the discrimination); *Jones v. Lowe's Companies, Inc.*, 845 F. App'x 205, 215 n.2 (4th Cir. 2021) (finding "stray comments or opinions" to not "give rise to liability"); *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (dismissing Section 1981 claim where plaintiff only made general allegations that her employer "similarly forced out one or more other physicians of Indian origin" and "treated [her] differently than Caucasian physicians similarly situated[,]" using an official process as pretext).

-3-

Second, even though the complaint pleads some retaliation based on disability, that doesn't negate causation.  As is clear from *Bostock*, there can be multiple "but-for" causes.  *Bostock v. Clayton Cnty., Georgia*, 590 U.S. 644, 656 (2020) ("Often, events have multiple but-for causes. . . . a defendant cannot avoid liability just by citing some other factor that contributed to its challenged employment decision. So long as the plaintiff's sex was one but-for cause of that decision, that is enough to trigger the law."). Mr. Catalfamo's claims don't need to be pled alternatively.  So here the inclusion of the disability-discrimination claim and related allegations isn't fatal to the Section 1981 claims.

In the end, while enough is pled as to causation, discovery will be helpful in sorting much of this out.  Defendants' motion is **DENIED**, but this is all without prejudice to revisiting these issues at summary judgment.

Date: July 21, 2026                                   BY THE COURT:

                                                      /s/ J. Nicholas Ranjan
                                                      United States District Judge